IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ORLANDO LYNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-0528 |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petitioner for Writ of Habeas Corpus, filed by Petitioner, Orlando Lynch, on August 28, 2006. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 942634, at the Indiana State Prison in Michigan City, Indiana, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

Pro se Petitioner, Orlando Lynch, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. section 2254. The Petitioner is currently serving two 40-year sentences for his 1994 Lake County convictions for murder. He has completed a 20-year sentence for attempted murder.

Because the petition appeared to be untimely, the Court afforded

the Petitioner the opportunity in which to show cause why his petition should not be dismissed as untimely.  The Petitioner has responded to the order to show cause.

DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may dismiss a *habeas corpus* petition because it plainly appears from the face of the petition that the Petitioner is not entitled to relief.  *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996)

This petition is governed by 28 U.S.C. section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a 1-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

-2-

> recognized by the Supreme Court and
> made retroactively applicable to cases
> on collateral review; or
>> (D) the date on which the
>> factual predicate of the
>> claim or claims presented
>> could have been discovered
>> through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this
> subsection.

The Petitioner's submissions establish that he was convicted on March 2, 1994, and that his conviction was affirmed on appeal The Petitioner filed a petition for post-conviction relief, and subsequently submitted successive petitions for post-conviction relief.

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari denied. *Griffith v. Kentucky*, 479 U.S. 413, 321 n.3 (1987). The Indiana Supreme Court denied transfer on his direct appeal on July 11, 1995. Any prisoner whose conviction became final prior to the AEDPA's enactment on April 24, 1996, received a 1-year grace period within which to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Accordingly, the Petitioner's statute of limitations expired on April 24, 1997, *Id.* at 832-33, unless the statute was tolled by a subsequent state court proceeding.

The Petitioner filed a petition for post-conviction relief,

though it is unclear from the petition exactly when that petition was filed with the trial court. The Indiana Court of Appeals affirmed the denial of the petition for post-conviction relief, and the Indiana Supreme Court denied transfer on November 23, 1999. Accordingly, even if the filing of the petition for post-conviction relief completely stayed the statute of limitations, the statute of limitations still expired no later than November 23, 2000.

The Petitioner filed two applications for successive post-conviction relief, but the Indiana Court of Appeals declined to authorize either petition. The Seventh Circuit has held that an unauthorized successive petition is not considered "properly filed" under Indiana law, and does not toll the 1-year statute of limitations under section 2244(d)(2).  *See Powell v. Davis*  415 F.3d 722 (7th Cir. 2005).

The Petitioner's response to the order to show cause does not suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States, that he is relying on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Accordingly, his petition is untimely.

CONCLUSION

-4-

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED:  October 2, 2006**              /s/RUDY LOZANO, Judge
                                         **United States District Court**