```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

| | |
|---|---|
| **ORLANDO LYNCH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )   NO. 3:06-CV-0528 |
| | ) |
| **ED BUSS,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Request for Certificate of Appealability; and (2) Motion for Leave to Appeal in Forma Pauperis, both filed by Petitioner, Orlando Lynch, on November 3, 2006. For the reasons set forth below, the Court **DENIES** Petitioner's Request for a Certificate of Appealability and Motion for Leave to Appeal in Forma Pauperis.

BACKGROUND

*Pro se* Petitioner, Orlando Lynch, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. section 2254. He is currently serving two 40-year sentences for his 1994 Lake County convictions for murder. The Court concluded that Petitioner did not file his petition within the statute of limitations established by 28 U.S.C. section 2244(d)(1), and dismissed this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. He now

requests a certificate of appealability.

DISCUSSION

To obtain a certificate of appealability, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The Court's discretion on whether to grant or deny a certificate of appealability is the best vehicle of separating meritorious from frivolous appeals. *Barefoot v. Estelle*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

This Court denied the petition for writ of habeas corpus because it concluded that the petition was barred by the statute of limitations established by section 2244(d)(1). The Petitioner's Request for a Certificate of Appealability does not present arguments that would establish that the statute of limitations question is

-2-

debatable among jurists of reason.  *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995).  Where a court denies a certificate of appealability because the petition was without merit, it should then deny *in forma pauperis* status on appeal because the appeal is not taken in good faith.  *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000).

CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's request for a Certificate of Appealability (docket #8) and also the Motion for Leave to Appeal in Forma Pauperis (docket #10).  The Court advises Petitioner that, pursuant to Federal Rule of Appellate Procedure 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

**DATED:  November 14, 2006**          **/s/RUDY LOZANO, Judge**
                                       **United States District Court**